PILLSBURY WINTHROP SHAW PITTMAN LLP
DAVID M. FURBUSH (83447)
JAMES M. LINDFELT  (275352)
2550 Hanover Street
Palo Alto, CA  94304-1115
Telephone: (650) 233-4500
Facsimile No.: (650) 233-4545

Attorneys for Defendants Behrooz Abdi, Alan Krock, Jon A. Olson, Amit Shah, Eric Stang, Timothy Wilson, Yunbei Yu, InvenSense, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. ROLLINS, Derivatively on Behalf of Nominal Defendant INVENSENSE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BEHROOZ ABDI, ALAN KROCK, JON OLSON, AMIT SHAH, ERIC STANG, TIMOTHY WILSON, and YUNBEI YU, <br><br> Defendants, <br><br> and <br><br> INVENSENSE, INC., a Delaware Corporation, <br><br> Nominal Defendant. | Case No.:   15-cv-00184-JD <br><br> **STIPULATION AND [PROPOSED] ORDER CONSOLIDATING DERIVATIVE ACTIONS AND STAYING PROCEEDINGS** <br><br> Complaint filed: January 13, 2015 |

*[Caption continued on next page.]*

STIPULATION AND [PROPOSED] ORDER CONSOLIDATING DERIVATIVE ACTIONS, APPOINTING LEAD COUNSEL FOR PLAINTIFFS, AND STAYING PROCEEDINGS     Case No. 15-cv-00184-JD

| | | |
|---|---|---|
| 1 | LINDA KARR, Derivatively on Behalf of Nominal Defendant INVENSENSE, INC., | Case No.:   15-cv-00200-JD |
| 2 | | |
| 3 | Plaintiff, | Complaint filed: January 14, 2015 |
| 4 | v. | |
| 5 | BEHROOZ ABDI, ALAN KROCK, JON OLSON, AMIT SHAH, ERIC STANG, TIMOTHY WILSON, and YUNBEI YU, | |
| 6 | | |
| 7 | Defendants, | |
| 8 | and | |
| 9 | INVENSENSE, INC., a Delaware Corporation, | |
| 10 | Nominal Defendant. | |

**WHEREAS**, there are presently two shareholder derivative actions currently pending in this district against the Individual Defendants,[1] who are certain current and former directors and officers of nominal defendant InvenSense, Inc. ("InvenSense") (InvenSense, together with the Individual Defendants, being collectively referred to herein as "Defendants"): *Rollins v. Abdi et al.*, Case No. 15-cv-00184-JD; and *Karr v. Abdi et al.*, Case No. 15-cv-00200-JD (together, the "Derivative Actions");

**WHEREAS**, three putative class actions alleging violations of the federal securities laws filed against InvenSense and certain InvenSense officers were also filed and are pending in this district: *McMillan v. InvenSense, Inc. et al.*, Case No. 15-cv-00084-JD; *Plumbers & Steamfitters Local 21 Pension Fund v. InvenSense, Inc. et al.*, Case No. 15-cv-00249; and *Davis v. InvenSense, Inc. et al.*, Case No. 15-cv-00425 (collectively, "the Securities Class Action");

**WHEREAS**, on March 13, 2015, the Court entered a Related Case Order in *McMillan v. InvenSense, Inc. et al.* Case No. 15-cv-00084-JD (Doc. No. 16), relating and reassigning each of the Derivative Actions and the Securities Class Action to this Court;

**WHEREAS**, on March 18, 2015, the parties to the Derivative Actions submitted a Stipulation and [Proposed] Order Consolidating Actions and Appointing Lead Counsel (Doc. No. 18), (the "March 18, 2015 Stipulation"), seeking to consolidate the Derivative Actions and appoint lead counsel for plaintiffs in the consolidated action;

**WHEREAS**, on April 23, 2015, the Court entered an "Order Consolidating Cases, Appointing Lead Plaintiff and Lead Counsel, and Setting Case Schedule" in the Securities Class Action (Doc. No. 19).

**WHEREAS**, the Court "terminated" without ruling on the parties to the Derivative Action' March 18, 2015 Stipulation filed in this action as part of the April 23, 2015 ruling;

**WHEREAS**, while the Derivative Actions assert different claims for liability, they involve some of the same parties and factual allegations as the Securities Class Action;

---

[1] The "Individual Defendants" include Behrooz Abdi, Alan Krock, Jon Olson, Amit Shah, Eric Stang, Timothy Wilson, and Yunbei Yu.

**WHEREAS**, lead plaintiff in the Securities Class Action filed a consolidated complaint in that action on May 26, 2015, and the defendants in the Securities Class Action filed a motion to dismiss this consolidated complaint on June 25, 2015;

**WHEREAS**, in an effort to assure consistent rulings and decisions and the avoidance of unnecessary duplication of effort, the undersigned counsel for the parties submit this renewed stipulation to consolidate the Derivative Actions;

**WHEREAS**, Johnson & Weaver, LLP seeks to be designated as Lead Counsel in the Derivative Actions, once consolidated, and Defendants take no position with respect to such designation; and

**WHEREAS**, based upon the circumstances unique to this case, and to avoid the unnecessary expenditure of judicial resources, the parties to this action have further agreed, subject to this Court's approval, to stay prosecution of this action, including motions practice and discovery; and

**WHEREFORE**, the parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an Order as follows:

1. The following actions shall be consolidated for all purposes, including pre-trial proceedings and trial, into one action (the "Consolidated Derivative Action"):[2]

| **Case Name** | **Case No.** | **Filing Date** |
|---|---|---|
| *Rollins v. Abdi et al.* | 15-cv-00184-JD | January 13, 2015 |
| *Karr v. Abdi et al.* | 15-cv-00200-JD | January 14, 2015 |

2. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

---

[2] For clarity, the Securities Class Action should not be consolidated with the Derivative Actions. While the actions were related under Civil Local Rule 3-12 on May 13, 2015, they are not suitable for consolidation because, among other reasons, the Securities Class Action alleges violations of the federal securities laws against InvenSense, whereas the Derivative Actions bring claims purportedly *on behalf of* InvenSense.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE INVENSENSE, INC. DERIVATIVE LITIGATION, | Lead Case No.: 15-cv-00184-JD |
| | (Derivative Action) |
| This Document Relates To: | |
| ALL ACTIONS. | |

3. The files of the Consolidated Derivative Action will be maintained in one file under Lead Case No.: 15-cv-00184-JD.

4. **The later-filed case, *Karr v. Abdi*, Case No. 15-cv-00200-JD, shall be closed. The closing is for administrative purposes only; nothing in this order will be considered a dismissal or disposition of any action.**

5. **The Court declines to appoint lead counsel at this time and consequently strikes the following:** ~~Lead Counsel for plaintiffs for the conduct of the Consolidated Derivative Action is designated as follows:~~

~~JOHNSON & WEAVER, LLP~~
~~FRANK J. JOHNSON~~
~~SHAWN FIELDS~~
~~600 West Broadway, Suite 1540~~
~~San Diego, CA 92101~~
~~Telephone: (619) 230-0063~~
~~Facsimile: (619) 255-1856~~

~~6. The parties agree that plaintiffs' Lead Counsel has authority to speak for plaintiffs in matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.~~

~~7. The parties agree that plaintiffs' Lead Counsel will be responsible for coordinating all activities and appearances on behalf of plaintiffs and for the dissemination of notices and orders of this Court. The parties further agree that no motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through plaintiffs' Lead Counsel.~~

1   8. ~~The parties agree that Defendants' counsel may rely upon all agreements made
2   with plaintiffs' Lead Counsel, or other duly authorized representative of plaintiffs' Lead
3   Counsel, and such agreements will be binding on plaintiffs.~~

4   9.   This Order shall apply to each purported derivative action arising out of the
5   same or substantially the same transactions or events as the InvenSense Derivative Actions,
6   which is subsequently filed in, removed to, or transferred to this Court.

7   10.   When a case that properly belongs as part of the Consolidated Derivative
8   Action is hereafter filed in this Court or transferred here from another court, counsel shall
9   promptly call to the attention of the Clerk of the Court the filing or transfer of any case that
10  might properly be consolidated as part of the Consolidated Derivative Action. **Specifically,**
11  **the parties must file an administrative motion to consider whether cases should be**
12  **related, as provided by Civil L.R. 3-12(b).**

13  11.   Except as noted in ¶¶ 13-15 below, all proceedings, including motions practice
14  and discovery, in the Consolidated Derivative Action are hereby stayed until the earlier
15  occurrence of: (a) the ~~lead~~ plaintiffs or the defendants unilaterally terminating the stay on
16  thirty (30) calendar days' notice; or (b) an order by this Court terminating the stay, whichever
17  occurs first.

18  12.   Within twenty (20) days after the occurrence of either of the two events listed in
19  ¶ 11, the parties shall meet and confer and submit a proposed scheduling order governing
20  further proceedings in the Consolidated Derivative Action, including a proposed schedule
21  regarding the designation or filing of an operative complaint and Defendants' responses
22  thereto. Nothing in this paragraph shall restrict Defendants' right to file a motion to dismiss
23  based on the exclusive forum provision as described in ¶ 15 after the occurrence of either of
24  the two events listed in ¶ 11.

25  13.   In the event that any discovery is provided or produced to plaintiffs in the
26  Securities Class Action, or in any subsequently filed or threatened derivative actions that are
27  based on the same or substantially similar allegations as made in the Consolidated Derivative
28  Action, by way of Court order or otherwise, while proceedings in the Consolidated Derivative

1  Action are stayed, Defendants herein will provide copies of that discovery to ~~Lead~~ counsel for
2  plaintiffs in the Consolidated Derivative Action subject to the execution of an appropriate
3  protective order. Defendants' obligations under this paragraph end after the occurrence of
4  either of the two events listed in ¶ 11.

5     14. Defendants shall notify ~~Lead~~ counsel for plaintiffs in the Consolidated
6  Derivative Action of any formal settlement meetings, mediations, or conferences that might be
7  held in the Securities Class Action, while proceedings in the Consolidated Derivative Action
8  are stayed. ~~Lead~~ Counsel for plaintiffs shall be entitled to attend and/or participate in any such
9  settlement meetings, mediations, or conferences. Further, should Defendants engage in any
10 formal settlement meetings, mediations, or conferences in any subsequently filed or threatened
11 derivative actions that are based on the same or substantially similar allegations as made in the
12 Consolidated Derivative Action, Defendants will include ~~Lead~~ counsel for plaintiffs in such
13 discussions, including, without limitation, in the event such discussions are held in conjunction
14 with similar discussions in the Securities Class Action. Defendants' obligations under this
15 paragraph end after the occurrence of either of the two events listed in ¶ 11.

16    15. Defendants expressly reserve, and do not waive, the right to seek to dismiss this
17 action on the ground that InvenSense's Certificate of Incorporation and Bylaws specify that
18 Court of Chancery in the State of Delaware shall be the sole and exclusive forum for this type
19 of action, and plaintiffs reserve, and do not waive, the right to oppose such motion.

20    **IT IS SO STIPULATED.**

21
22                                              Respectfully submitted,

23 Dated: July 15, 2015                         JOHNSON & WEAVER, LLP
                                                FRANK J. JOHNSON
24                                              SHAWN FIELDS
25
26
27
28

|   |   |
|---|---|
| 1 | By: /s/ Shawn Fields |
| | SHAWN FIELDS |
| 2 | |
| 3 | 600 West Broadway, Suite 1540 |
| | San Diego, CA 92101 |
| 4 | Telephone: (619) 230-0063 |
| | Facsimile: (619) 255-1856 |
| 5 | shawnf@johnsonandweaver.com |
| | frankj@johnsonandweaver.com |
| 6 | |
| 7 | *Attorneys for Plaintiffs George E. Rollins and Linda Karr* |

Dated: July 15, 2015          PILLSBURY WINTHROP SHAW PITTMAN LLP
                              JAMES M. LINDFELT

                         By:   /s/ James Lindfelt
                              JAMES M. LINDFELT

                              2550 Hanover Street
                              Palo Alto, CA 94304
                              Telephone: (650) 233-4646
                              Facsimile: (650) 233-4545
                              james.lindfelt@pillsburylaw.com

                              *Attorneys for Defendants Behrooz Abdi, Alan Krock, Jon A. Olson, Amit Shah, Eric Stang, Timothy Wilson, Yunbei Yu, InvenSense, Inc.*

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED AS MODIFIED.**

**IN ADDITION, THE CASE MANAGEMENT CONFERENCE THAT WAS SET FOR AUGUST 26, 2015, IS VACATED.**

Dated: August 24, 2015

                              HONORABLE JAMES DONATO
                              UNITED STATES DISTRICT JUDGE

---

6
STIPULATION AND [PROPOSED] ORDER CONSOLIDATING DERIVATIVE      Case No. 15-cv-00184-JD
ACTIONS, APPOINTING LEAD COUNSEL FOR PLAINTIFFS,
AND STAYING PROCEEDINGS